UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   **SACV 19-00549-JVS(ADSx)**                 Date   May 31, 2019

Title   **M. H. et al. v. County of Orange et al.**

Present: The
Honorable          James V. Selna, US District Court Judge

|  Lisa Bredahl  |  Not Present  |
|---|---|
|  Deputy Clerk  |  Court Reporter  |
|  Attorneys Present for Plaintiffs:  |  Attorneys Present for Defendants:  |
|  Not Present  |  Not Present  |

Proceedings:        **(IN CHAMBERS) <u>Order</u> <u>Regarding</u> <u>Motion</u> <u>to</u> <u>Dismiss</u> <u>and</u> <u>Motion</u> <u>to</u> <u>Strike</u>**

There are two motions at issue:

First, Defendants County of Orange ("County"), Deputy Cody Eversgerd ("Eversgerd"), Deputy Christian Higushi ("Higushi"), Deputy Nicholas Leland ("Leland"), Deputy Roberto Recinos ("Recinos"), Deputy Matthew Gouirand ("Gouirand"), and Sergeant Bruce Frazee ("Frazee"), employees of the County of Orange (collectively, "County Defendants") filed a motion to dismiss Plaintiffs M.H. and Juan Solano's (collectively, "Plaintiffs") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Mot., Docket No. 22. Plaintiffs filed an opposition. Opp'n, Docket No. 27. County Defendants replied. Reply, Docket No. 28.

Second, County Defendants filed a motion to strike Plaintiffs' third claim pursuant to Federal Rule of Civil Procedure 12(f). Mot., Docket No. 22 at 16.

For the following reasons, the Court **grants in part** and **denies in part** the motion to dismiss and **grants** the motion to strike the third claim.

## I. BACKGROUND

### A.    Requests for Judicial Notice

County Defendants filed a request for judicial notice ("RJN") in support of its motion to dismiss. Defendant's RJN, Docket No. 23. Plaintiffs do not oppose this request. County Defendants request that the Court take judicial notice of the government claim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   **SACV 19-00549-JVS(ADSx)**                    Date   May 31, 2019

Title    **M. H. et al. v. County of Orange et al.**

M.H. submitted to the County on January 17, 2019. Id., Ex. A.

Under Federal Rule of Evidence 201, the Court may take judicial notice of "a fact that is not subject to reasonable dispute" if it is "generally known" in the jurisdiction or it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Because factual challenges have no bearing under Rule 12(b)(6), generally, the Court may not consider material beyond the pleadings in ruling on a motion to dismiss. Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001), overruled on other grounds, Galbraith v. Cty. of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002). However, there are several exceptions to this rule that do not demand converting the motion to dismiss into one for summary judgment. Id. at 688. The Court may take judicial notice of material submitted as part of the complaint or, if not physically attached to the complaint, material if its authenticity is not contested and it is necessarily relied upon by the complaint. Id.; United States v. Corinthian Colleges, 655 F.3d 984, 998-99 (9th Cir. 2011); Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005). Additionally, judicial notice is appropriate for court filings and other matters of public record. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).

Under the California Government Claims Act, in order to sue a public entity for "money or damages," a plaintiff must first file a timely written claim with the entity for administrative adjudication. Cal. Gov't Code §§ 905, 915, 945.4. "[F]ailure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity." State v. Superior Court , 32 Cal. 4th 1234, 1239 (2004).

Judicial notice of Plaintiff M.H.'s claim for money damages against the County, as requested by County Defendants, is appropriate. Because the authenticity of the document is not contested, and its filing with the County is a prerequisite to Plaintiffs' state law claims, the Court grants the request for judicial notice.

**B.     Factual Background**

On April 30, 2018, following a noise complaint, Cristobal Solano ("Solano") made contact with Officer Birazy of the Tustin Police Department at the Key Lodge Motel in the city of Tustin. Complaint, Docket No. 1 ¶ 26. At an unspecified time during the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 19-00549-JVS(ADSx)** | Date | May 31, 2019 |
|---|---|---|---|

| Title | **M. H. et al. v. County of Orange et al.** | | |

exchange, Solano suffered from an anxiety attack, to which paramedics were called. Id. At approximately 8:44 p.m., paramedics evaluated Solano who refused to be transported to a hospital for treatment upon learning that the hospital would not fill his current medication. Id. ¶ 27. Solano was arrested, Id. ¶ 29, and, at approximately 11:30 p.m., he was transported to the Intake Release Center ("IRC") within the Orange County Men's Jail, where he underwent an initial medical screening and subsequently began the booking process. Id. ¶ 28. In the process of transferring Solano to the custody of Higushi and Eversgurd, Officer Birazy removed Solano's handcuffs. Id. ¶ 30.

Higushi and Eversgurd began a search of Solano's entire body, with Solano remaining uncuffed with his hands behind his back. Id. ¶ 32. Upon completion of the search, Higushi and Eversgurd asked Solano to sit on a bench and open his mouth for inspection. Id. ¶ 33. Solano opened his mouth, then opened it wider, then stuck his tongue out upon request. Id. ¶¶ 33-34. Higushi and Eversgurd were not satisfied with Solano's response. Id. ¶ 34. Solano then used his fingers to stretch his mouth open at the sides. Id. ¶ 34. Higushi, with Eversgurd's assistance, placed Solano in a rear-wrist control hold, directing him up from his seated position toward a detention cell. Id. ¶¶ 36-37. While handling Solano's left arm and wrist, Higushi began to push upward behind Solano's back. Id. ¶ 36. Once at the detention cell, Solano was shoved against the cell's glass wall and began to scream in pain. Id. ¶ 38. Solano turned to Higushi and complained that the rear-wrist hold was causing him pain. Id. Solano continued to scream as Higushi and Eversgurd applied the rear-wrist hold and pushed Solano's wrists higher behind the center of his back, causing Solano increased pain. Id. ¶ 39.

Approximately one minute later, Higushi, Eversgerd, and Parker were joined by Johnson, Leland, Gouirand, Recinos, and Frazee. Id. ¶ 40. Frazee, the deputies' supervisor, asked the other deputies whether Solano was a new booking. Id. Moments later, Solano, still in a rear-wrist hold, was moved into the cell and followed by Johnson, Leland, Gouirand, Recinos, Parker, Higushi, Eversgerd, and Does 1-10. Id. ¶ 41. Frazee then followed them into the detention cell. Id.

Once inside the cell, Solano was pushed, face-down onto a concrete bunk while deputies pressed down on his back and Solano continued to scream, "Please! Please! Please!" and "I can't breathe! I can't breathe!" Id. ¶ 42. Frazee stood on the opposite concrete bunk within the cell, observing. Id. Recinos shouted to Solano, "Stop resisting!" and Solano responded, "I am not resisting!" Id. ¶ 44. Several deputies then further

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    **SACV 19-00549-JVS(ADSx)**                    Date    May 31, 2019

Title    **M. H. et al. v. County of Orange et al.**

restrained Solano by pushing down on his upper torso with their body weight. Id. Solano
was pushed from the bunk down to the floor of the cell, striking his head on the floor and
landing face down. Id. ¶ 45. Leland and Higushi struck Solano's upper back with their
knees, pressing their body weight down using one knee each. Id. ¶ 46. Recinos also
placed his knee on Solano's right shoulder blade, using his body weight to push down on
Solano's upper torso. Id. Parker, Gouriand, and Johnson maintained Solano's legs
crossed with his feet bent toward his buttocks, and applied pressure onto his lower torso.
Id. Solano continued to scream, "Please! Please! Please!" and deputies responded "Stop
resisting!" Id. ¶ 47.

    Frazee then ordered the deputies to stop and asked them whether Solano had been
searched. Id. ¶ 49. One of the deputies responded, "no." Id. Frazee further asked whether
Solano was wearing handcuffs, to which one of the deputies responded in the negative.
Id. After these questions, deputies resumed restraining Solano, shouting "Stop resisting;
stop pushing your body up! You have a taser on your back; you have a taser on your
back, and you will be tased!" Id. ¶ 50. Solano continued to gasp for air and attempted to
push his chest upward. Id. Approximately two minutes after Solano's restraint began, he
was no longer heard screaming. Id. ¶ 51. After approximately another minute, Solano was
handcuffed and another deputy requested shackles. Id. ¶ 53.

    Frazee moved closer to Solano's head and checked to see if he was breathing. Id. ¶
54. He noticed that Solano was drooling, gurgling, and was unresponsive, prompting him
to request smelling salts from the deputies outside the cell. Id. After administering
ammonia, Solano was still unresponsive. Id. Frazee then ordered that Solano be carried
out into the hallway, and he called for medical assistance. Id. ¶ 55. Still handcuffed,
Solano was checked by medical staff, one of whom administered a non-responsive
sternum rub. Id. ¶ 57. A second nurse checked Solano's carotid pulse but could not detect
a pulse. Id. Does 7-10 continued to check for Solano's pulse for approximately three
minutes following the first check of Solano's pulse. Id. ¶ 58-59. A deputy then began
conducting cardio-pulmonary resuscitation (CPR). Id. ¶ 61. One of the nurses could be
heard saying, "Just call 911! I don't know!" Id. ¶ 62.

    Paramedics arrived approximately ten minutes following the initiation of CPR and
administered several doses of epinephrine and other life-saving measures. Id. ¶ 63.
Solano never regained consciousness and was transported to Orange County Global
Medical Center where he underwent a CT scan. Id. ¶¶ 63-64. The scan revealed a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 19-00549-JVS(ADSx)** | Date | May 31, 2019 |
| Title | **M. H. et al. v. County of Orange et al.** | | |

subarachnoid hemorrhage with a bilateral, middle cerebral artery stroke and thrombosis. Id. ¶ 64. Further life-saving measures were administered, but Solano was eventually pronounced brain dead on May 2, 2018, and taken off of life support. Id.

## II. LEGAL STANDARD

### A.    Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009).

In resolving a 12(b)(6) motion under Twombly, a court must follow a two-step approach. Id. at 679. First, a court must accept all well-pleaded factual allegations as true, but "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 677. Furthermore, a court must not "accept as true a legal conclusion couched as a factual allegation." Id. at 677–78 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, a court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 664. This determination is context-specific, requiring a court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

### B.    Federal Rule of Civil Procedure 12(f)

Under Rule 12(f), a party may move to strike any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). The grounds for a motion to strike must appear on the face of the pleading under attack, or from matters of which the Court may take judicial notice. SEC v. Sands, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995). The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds by Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   **SACV 19-00549-JVS(ADSx)**          Date   May 31, 2019

Title   **M. H. et al. v. County of Orange et al.**

A matter is "redundant" if it is "duplicative" or "identical." <u>Kohler</u> v. <u>Big 5</u> <u>Corp.</u>, No. 2:12-cv-00500-JHN-SPx, 2012 WL 1511748, at *1 (C.D. Cal. Apr. 30, 2012) (citation omitted). "Immaterial" matters are those having "no essential or important relationship to the claim for relief or the defenses being pleaded," and "impertinent"matter consists of statements that do not pertain, and are not necessary, to the issues in question." <u>Fantasy,</u> <u>Inc.</u>, 984 F.2d at 1527 (citation omitted).

"As a general proposition, motions to strike are regarded with disfavor because [they] are often used as delaying tactics, and because of the limited importance of pleadings in federal practice." <u>Sands</u>, 902 F. Supp. at 1165-66 (alteration in original) (internal quotation marks omitted). "'[U]ltimately whether to grant a motion to strike falls on the sound discretion of the district court.'" <u>Greenwich</u> <u>Ins.</u> <u>Co.</u> <u>v.</u> <u>Rodgers</u>, 729 F. Supp. 2d 1158, 1162 (C.D. Cal. 2010) (quoting <u>Cal.</u> <u>Dep't</u> <u>of</u> <u>Toxic</u> <u>Substances</u> <u>Control</u> <u>v.</u> <u>Alco</u> <u>Pac.,</u> <u>Inc.</u>, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002)).

## III. DISCUSSION

Plaintiffs propound the following ten claims.
(1) Unreasonable Search and Seizure-Excessive Force-42 U.S.C. §1983
(2) Supervisory Liability-42 U.S.C. §1983
(3) Deliberate Indifference to a Substantial Risk of Harm to Health & Safety-42U.S.C. § 1983, 8th & 14th Am. of U.S. Constitution
(4) Denial of Medical Care-42 U.S.C.§1983
(5) Failure to Train-42 U.S.C. §1983
(6) Substantive Due Process-42 U.S.C. §1983
(7) Bane Act C.C. 52.1 et seq. (State)
(8) Negligence-Wrongful Death (State)
(9) Medical Negligence (State)
(10) Battery (State)

A.   **Standing of Plaintiff Juan Solano as to the first, second, fourth, and fifth claims**

County Defendants move to dismiss the first, second, fourth, and fifth claims, brought under 42 U.S.C. § 1983, as to Plaintiff Juan Solano, for lack of standing. Mot.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   **SACV 19-00549-JVS(ADSx)**                    Date   May 31, 2019

Title      **M. H. et al. v. County of Orange et al.**

Docket No. 22 at 11. Plaintiff Juan Solano has abandoned these claims. Opp'n, Docket
No. 27 at 14. Accordingly, the Court dismisses these claims as to Plaintiff Juan Solano.

**B.      Standing of Plaintiff M.H. as to the first claim**

County Defendants move to dismiss the first claim as to Plaintiff M.H. in his
individual capacity. Mot., Docket No. 22 at 7-8. Plaintiffs Juan Solano and M.H. have
abandoned these claims. Opp'n, Docket No. 27 at 14-15. Accordingly, the Court
dismisses this claim as to Plaintiff M.H. in his individual capacity.

**C.      Municipal liability for inadequate training, fifth claim**

County Defendants move to dismiss Plaintiffs' fifth claim for failure to train
against County Defendants County and Does 1-10. Mot., Docket No. 22 at 13-16. County
Defendants contend that Plaintiffs' factual pleadings are insufficient to support the failure
to train claim. The Court agrees.

A plaintiff alleging a failure-to-train claim against a municipality must show: (1)
he was deprived of a constitutional right; (2) the municipality had a training policy that
constitutes "deliberate indifference" to the constitutional rights of individuals who are in
contact with police officers; and (3) the constitutional injury would not have occurred if
the municipality had properly trained their officers. Blankenhorn v. City of Orange, 485
F.3d 463, 484 (9th Cir. 2007).

"Deliberate indifference" is a stringent standard. See City of Canton v. Harris, 489
U.S. 378, 391 (1989). To survive a motion to dismiss a § 1983 claim for failure to train, a
plaintiff must allege facts to show that a municipality "disregarded the known or obvious
consequence that a particular omission in their training program would cause [municipal]
employees to violate citizens' constitutional rights." Flores v. County of Los Angeles,
758 F.3d 1154, 1159 (9th Cir. 2014) (quoting Connick v. Thompson, 563 U.S. 51, 61
(2011) (internal quotation marks omitted)). Evidence of a failure to train a single officer
is insufficient to establish deliberate indifference. Blankenhorn, 485 F.3d at 485. Further,
a plaintiff cannot prove deliberate indifference by simply arguing that an injury would
not have occurred if an officer had better or more training. Canton, 489 U.S. at 391.

Deliberate indifference can occur when there is a "pattern of tortious conduct,"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   **SACV 19-00549-JVS(ADSx)**                    Date    May 31, 2019

Title      **M. H. et al. v. County of Orange et al.**

despite the existence of a training program, or "highly predictable" constitutional violations due to a "failure to equip law enforcement officers with specific tools to handle recurring situations." Bd. of Cty. Comm'rs v. Brown, 520 U.S. 397, 407-10 (1997); Long v. County of Los Angeles, 442 F.3d 1178, 1186-87 (9th Cir. 2006). In addition, in rare circumstances, a single instance of a constitutional violation can be enough to establish deliberate indifference. Connick, 563 U.S. at 63. In Canton, the Supreme Court described the hypothetical failure of a municipality to adequately train its officers regarding the use of deadly force. 389 U.S. at 390 n.10. The Court stated that a failure in this single instance constituted "deliberate indifference" to constitutional rights. Id. Nevertheless, this single-incident theory only occurs when there is a "complete absence of legal training." Connick, 563 U.S. at 68.

Here, Plaintiffs' factual pleadings are insufficient to show that the County maintained a training policy that amounts to "deliberate indifference" toward the constitutional rights of individuals who are in contact with its police officers. The Complaint does not allege facts that show a pattern of tortious conduct. Complaint ¶¶ 101-108. No reference is made to any incident other than the one at issue in this case. Id. ¶ 106. Plaintiffs' allegations regarding the County's failure to train are too vague and conclusory to state a plausible claim for relief.

The facts alleged are similarly insufficient to show that the incident at issue was a "highly predictable consequence of a failure to equip law enforcement officers with specific tools to handle recurring situations." Brown, 520 U.S. at 409. The pleaded facts do not show how "the constitutional wrong [was] caused by [the] failure to train", Canton, 489 U.S. at 387, in a way that could "justify a finding that policymakers' decision not to train the officer reflected 'deliberate indifference' to the obvious consequence of the policymakers' choice . . . .", Brown, 520 U.S. at 409.

For these reasons, the motion to dismiss as to the fifth claim, failure to train, is **granted** with leave to amend.

**D.      Substantive due process, motion to strike the third claim**

County Defendants contend that the third claim is "duplicative and redundant" of the sixth claim and consequently move to strike the third claim. Mot., Docket No. 22 at 16. County Defendants argue that both claims are impermissibly brought under the 14th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   **SACV 19-00549-JVS(ADSx)**                    Date    May 31, 2019

Title      **M. H. et al. v. County of Orange et al.**

Amendment's substantive due process clause. Id. at 16. Both claims are brought by all Plaintiffs against all County Defendants, except that Plaintiffs have agreed to dismiss the County from the sixth claim. Id. Alternatively, County Defendants contend that the third claim should be stricken because it is brought under the incorrect legal standard. Id. County Defendants argue that Plaintiffs' reliance on the "deliberate indifference" standard as opposed to the "shock the conscience" standard is sufficient cause to strike the third claim. Id. at 17-18.

Plaintiffs respond that the third and sixth claims are separate causes of action that should be allowed to proceed independently. Opp'n, Docket No. 27 at 19-21. They argue that the 14th Amendment supports two types of distinct claims. Id. at 20. The third claim seeks to vindicate the right of M.H., in his capacity as representative of the decedent's estate to raise the claim of "deliberate indifference to a serious risk of harm to safety and health." Id. at 20. The sixth claim seeks to vindicate the rights of Plaintiffs M.H. and Solano, in their individual capacity, to enjoyment of a relationship with a parent and child, respectively. Id. at 20.

Survival claims brought by a decedent's estate or survivor-in-interest stand separate and apart from individual claims alleging wrongful death of a family member. See Davis v. Bender Shipbuilding & Repair Co., 27 F.3d 426, 429 (9th Cir. 1994) ("In a survival action, a decedent's estate may recover damages on behalf of the decedent for injuries that the decedent has sustained. In a wrongful death action, by comparison, the decedent's dependents may only pursue claims for personal injuries they have suffered as a result of a wrongful death."); Hayes v. Cty. of San Diego, 736 F.3d 1223, 1229 (9th Cir. 2013). Under California law, survival actions may only be brought by "the decedent's personal representative or, if none, by the decedent's successor in interest." Cal. Civ. Proc. Code § 377.30; see also Tatum v. City & Cty. of San Francisco, 441 F.3d 1090, 1094 n. 2 (9th Cir. 2006).

The 14th Amendment due process clause may support several different claims brought by different plaintiffs. "[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." Graham v. Connor, 490 U.S. 386, 395 (1989). Beyond the detainee's individual right to life and liberty, the 14th Amendment separately supports a parent's claim of "violation of their . . . rights in the companionship and society of [their deceased child]." Strandberg v. City of Helena, 791 F.2d 744, 748 (9th Cir. 1986). Similarly, "a child has a constitutionally protected liberty

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   **SACV 19-00549-JVS(ADSx)**                    Date    May 31, 2019

Title      **M. H. et al. v. County of Orange et al.**

interest under the Fourteenth Amendment in the 'companionship and society' of [a parent]." Hayes, 736 F.3d at 1230 (quoting Curnow v. Ridgecrest Police, 952 F.2d 321, 325 (9th Cir. 1991)).

"[O]nly official conduct that 'shocks the conscience' is cognizable as a due process violation." Porter v. Osborn, 546 F.3d 1131, 1137 (9th Cir. 2008) (quoting Cty. of Sacramento v. Lewis, 523 U.S. 833, 846 (1998)). To determine whether excessive force shocks the conscience, a court must determine whether actual deliberation would have been practical. Hayes, 736 F.3d at 1230. If actual deliberation was practical, the officers' "deliberate indifference" would shock the conscience. Id. However, if actual deliberation was impractical, then the officers' conduct would only shock the conscience if they acted "with a purpose to harm unrelated to legitimate law enforcement objectives." Id. "[W]hen unforeseen circumstances demand an officer's instant judgment, even precipitate recklessness" fails to constitute a "harmful purpose." Lewis, 523 U.S. at 853.

Here, all Plaintiffs bring both the third and sixth claim against all County Defendants, except the County. Complaint, Docket No. 1 at 18-22; Mot., Docket No. 22 at 16 (Plaintiff agrees to dismiss the County from the sixth claim). The sixth claim seeks to vindicate the due process rights of Plaintiff Juan Solano, Complaint ¶¶ 111, 117, and Plaintiff M.H. in his individual, Id. ¶¶ 110, 117, and survivor-in-interest, Id. ¶¶ 112, 117, capacities. The third claim focuses on the alleged denial of the decedent's 14th Amendment substantive due process rights as a pre-trial detainee. Id. ¶¶ 85-94. Plaintiffs are correct that the 14th Amendment supports two types of distinct claims as to survivor and wrongful death claims. However, because both the third and sixth claims are brought by all Plaintiffs, which includes M.H. in his capacity as survivor-in-interest to the decedent, and both claims seek to vindicate the decedent's 14th Amendment substantive due process rights, they are duplicative and redundant.

Further, only the "purpose to harm" standard applies to the facts as pled and satisfies the requirement that official conduct "shock the conscience." Plaintiffs allege a physical struggle between several deputies and the decedent that lasted between two and five minutes. Id. ¶¶ 45-54. The situation described constitutes a "fast paced, evolving situation presenting competing obligations with insufficient time for the kind of actual deliberation required for deliberate indifference." Porter, 546 F.3d at 1142. Thus, County Defendants must have acted "with a purpose to harm unrelated to legitimate law enforcement objectives." Hayes, 736 F.3d at 1230.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   **SACV 19-00549-JVS(ADSx)**                     Date   May 31, 2019

Title   **M. H. et al. v. County of Orange et al.**

For these reasons, the Court **grants** County Defendants' motion to strike the third claim with leave to amend.

## E.   Violation of the Bane Act, seventh claim

County Defendants argue that Plaintiffs' seventh claim is insufficient because the Complaint fails to allege that deputies acted with specific intent to violate the detainee's constitutional rights, as required by the Bane Act. Mot., Docket No. 22 at 18-19. County Defendants further contend that Bane Act liability is inappropriate as to Frazee because Plaintiffs have plead insufficient facts to establish that he threatened or intimidated the decedent, and because he cannot be vicariously liable for the deputies' actions. Plaintiffs respond that "discriminatory intent" is not required to sustain a Bane Act claim, Opp'n, Docket No. 27 at 21, and, alternatively, that the pleadings sufficiently articulate the deputies' specific intent. Id. at 21-22.

The Bane Act provides a right of action to "[a]ny individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of [California] has been interfered with" by another person's "threats, intimidation, or coercion." Cal. Civ. Code § 52.1(a)–(b); see also Venegas v. County of Los Angeles, 153 Cal. App. 4th 1230, 1239 (2007). Courts have interpreted the Bane Act to distinguish between "intentional and unintentional conduct." Dillman v. Tuolumne Cty., No. 1:13-CV-00404 LJO, 2013 WL 1907379, at *20 (E.D. Cal. May 7, 2013); see Lapachet v. California Forensic Med. Grp., Inc., 313 F. Supp. 3d 1183, 1194 (E.D. Cal. 2018). "A cognizable Bane Act claim requires alleged conduct that is 'more egregious' than 'mere negligence.'" Lapachet, 313 F. Supp. 3d at 1194 (quoting Shoyoye v. County of Los Angeles, 203 Cal. App. 4th 947, 958, 137 Cal.Rptr.3d 839 (2012)). Intentional conduct that amounts to a threat, intimidation, or coercion, for example, may include deliberate indifference to a prisoner's serious medical needs by "acts that are inherently coercive and threatening" such as "failing to provide treatment plans." Lapachet, 313 F. Supp. 3d at 1194.

The unconstitutional use of excessive force "can be enough to satisfy the threat, intimidation, or coercion" element of a Bane Act claim. Reese v. County of Sacramento, 888 F.3d 1030, 1043 (9th Cir. 2018) (quoting Cornell v. City and Cty. of San Francisco, 17 Cal. App. 5th 766, 799 (2017)). However, recent California and Ninth Circuit authority indicates that the Bane Act imposes an additional requirement beyond a finding

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   **SACV 19-00549-JVS(ADSx)**                      Date   May 31, 2019

Title        **M. H. et al. v. County of Orange et al.**

of a unconstitutional excessive force: it requires "a specific intent to violate the arrestee's right to freedom from unreasonable seizure." Id. (quoting Cornell, 17 Cal. App. 5th at 801). As explained in Reese, the specific intent requirement is also made clear by California's model jury instruction characterizing a Bane Act claim as one in which defendant "*intentionally interfered* with [or attempted to interfere with] [his/her] civil rights by threats, intimidation, or coercion." CACI 3066 (emphasis added); Reese, 888 F.3d at 1045.

Thus, County Defendants correctly assert that specific intent is required to state a claim under the Bane Act. It is necessary that County Defendants "intended not only the force, but its unreasonableness, its character as more than necessary under the circumstances." Reese, 888 F.3d at 1045 (applying specific intent standard from Screws v. United States, 325 U.S. 91 (1945), to Bane Act claim) (quotation marks and citation omitted). A mere intention to use force that the jury finds unreasonable, i.e., general criminal intent, is insufficient; however a reckless disregard for a person's constitutional rights is evidence of specific intent to deprive that person of those rights. Id.

Here, the complaint alleges that County Defendants continued to apply forceful and painful restraint to the decedent after he protested that he could not breathe and that the restraint was causing him pain. Complaint, Docket No. 1 ¶¶ 38-54. Viewed in a light most favorable to the Plaintiff, the facts alleged support the inference that County Defendants acted with reckless disregard for the decedent's constitutional rights such that it was their specific intent to deprive him of those rights.

Plaintiffs have pled sufficient facts to allege Frazee's Bane Act liability. Plaintiffs allege that Frazee "follow[ed] closely behind and join[ed]" the decedent and other deputies, Id. ¶41; that he stood "on the opposite bench, watching and listening to a horrified SOLANO who continue[d] to scream in desparation," Id. ¶ 42; that he "watch[ed] this mass of seven deputies on top of SOLANO," Id. ¶49; and that County Defendants "failed to heed [the decedent's] medical complaints . . . . fail[ed] to intervene in the . . . violence . . . [and] den[ied] him necessary medical care." ¶¶ 120-21. Contrary to County Defendants' motion, Plaintiffs do not assert that Frazee is liable on a failure to supervise theory. Rather, they contend that Frazee's intentional failure to intervene during the deputies' struggle with the decedent, despite his alleged first-hand presence and knowledge of the events, amounts to intentional conduct sufficient for Bane Act liability. The Court agrees. Accepting the Plaintiffs' allegations as true, Frazee's alleged

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   **SACV 19-00549-JVS(ADSx)**                    Date    May 31, 2019

Title      **M. H. et al. v. County of Orange et al.**

conduct goes beyond mere negligence, meeting the threshold of inherently coercive and threatening conduct required for Bane Act liability.

Accordingly, County Defendants' motion to dismiss the seventh cause of action for violation of the Bane Act is **denied**.

**F.      Medical negligence, ninth claim**

County Defendants contend that the ninth claim for medical negligence, brought by M.H. against the County and Does 7-10, should be dismissed because it differs from the legal theories of liability and series of events set out in the Plaintiffs' government claim. Mot., Docket No. 22 at 19-23. Specifically, County Defendants maintain that Plaintiff's government claim provides insufficient notice of the Plaintiff's intention to bring a medical negligence claim as required by the Government Claims Act. Id. at 21. Alternatively, County Defendants argue that the ninth claim should be dismissed because it constitutes a medical malpractice claim whose proponent must comply with the 90-day-notice requirement of California Code of Civil Procedure § 364(a).

Plaintiffs respond that the description of the events and identification of actors provided in the government claim are sufficiently general to include a medical negligence claim, although the claim is not specifically mentioned. Response, Docket No. 27 at 23-24.

Under the California Government Claims Act, in order to sue a public entity for "money or damages," a plaintiff must first file a timely written claim with the entity for administrative adjudication. Cal. Gov't Code §§ 905, 915, 945.4. "[N]o suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity and has been acted upon . . . or has been deemed to have been rejected . . . ." Id. § 945.4. A claimant needs to state the "date, place, and other circumstances of the occurrence or transaction which gave rise to the claim asserted." Id. § 910(c). Similarly, if a plaintiff "sues a public employee on the basis of acts or omissions in the scope of the defendant's employment," the plaintiff must first "file[ ] a claim against the public-entity employer pursuant to the procedure for claims against public entities." Briggs v. Lawrence, 230 Cal. App. 3d 605, 613 (1991) (emphasis omitted); see also Cal. Gov't Code §§ 950.2, 950.6(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   **SACV 19-00549-JVS(ADSx)**                Date   May 31, 2019

Title        **M. H. et al. v. County of Orange et al.**

        In addition, "the complaint is vulnerable . . . if it alleges a factual basis for recovery which is not fairly reflected in the written claim." Nelson v. State, 139 Cal. App. 3d 72, 79 (1982). "The claim, however, need not specify each particular act or omission later proven to have caused the injury." Stockett v. Ass'n of Cali. Water Agencies Joint Powers Ins. Auth., 34 Cal. 4th 441, 447 (2004) (citing Blair v. Superior Court, 218 Cal. App. 3d 221, 225 (1990)). "A complaint's fuller exposition of the factual basis beyond that given in the claim is not fatal, so long as the complaint is not based on an entirely different set of facts." Id. (internal quotations and citations omitted). "Only where there has been a complete shift in allegations, usually involving an effort to premise civil liability on acts or omissions committed at different times or by different persons than those described in the claim, have courts generally found the complaint barred." Id. (internal quotations and citations omitted). "Where the complaint merely elaborates or adds further detail to a claim, but is predicated on the same fundamental actions or failures to act by the defendants, courts have generally found the claim fairly reflects the facts pled in the complaint." Id. (citing White v. Superior Court, 225 Cal. App. 3d 1505, 1510–11 (1990)).

        California Civil Code § 364(a) provides, "[n]o action based upon the health care provider's professional negligence may be commenced unless the defendant has been given at least 90 days' prior notice of the intention to commence the action." Cal. Civ. Proc. Code § 364(a). Failure to comply with § 364(a), however, "shall not invalidate any proceedings of any court of this state, nor shall it affect the jurisdiction of the court to render a judgment therein." Cal. Civ. Proc. Code § 365; see also Rosado v. Alameida, 497 F. Supp. 2d 1179, 1195 (S.D. Cal. 2007) (finding plaintiff's failure to comply with § 364(a) did not bar her claims against prison officials for professional negligence); Toigo v. Hayashida, 103 Cal. App. 3d 267, 162 Cal. Rptr. 874 (Ct. App. 1980) ("By the express language of section 365, failure to comply [with § 364(a)] does not go to the maintenance of the action, but merely provides for professional discipline against the errant attorney.").

        Here, M.H. has given sufficient notice of his medical negligence claim to the County pursuant to the Government Claims Act. M.H.'s government claim focuses on the alleged violations of the decedent's rights, however, the claim also states that "[l]iability is also based on . . . negligence. . ." and identifies the Defendant deputies and "others to be determined." RJN, Ex. A ¶¶ 10-11. Plaintiffs are correct that "negligence," as alleged in M.H.'s government claim, may include negligence of a medical variety. The medical

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   **SACV 19-00549-JVS(ADSx)**                    Date   May 31, 2019

Title      **M. H. et al. v. County of Orange et al.**

negligence claim raised in the Complaint elaborates on the government claim, but the Complaint is not "based on an entirely different set of facts," nor does it constitute "a complete shift in allegations. . . involving an effort to premise civil liability on acts or omissions committed at different times or by different persons than those described in the claim." Further, assuming M.H.'s medical negligence claim constitutes a medical malpractice claim governed by California Civil Code § 364(a), failure to comply with the notice requirement of § 364(a) is not fatal.

For these reasons, County Defendants' motion to dismiss the ninth claim for medical negligence is **denied**.

### IV. CONCLUSION

For the foregoing reasons, the Court **grants in part** and **denies in part** the motion to dismiss without prejudice. The Court **grants** the motion to strike the third claim. Plaintiffs may file an amended complaint addressing the deficiencies identified in this order within thirty (30) days.

**IT IS SO ORDERED.**

|                    | :        | 0     |
|--------------------|----------|-------|
| Initials of Preparer |        | lmb   |